IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Richard Allen Hunter, Jr., ) | |
| ) | Civil Action No. 8:07-0910-CMC-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Lt. Officer F.L. Champagne, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, an inmate proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendant's motion for summary judgment (Docket Entry # 16) and the plaintiff's motions to appoint counsel (Docket Entry # 13).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on April 6, 2007, seeking damages for alleged civil rights violations. On July 30, 2007, the defendants filed a motion for summary judgment. On July 31, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motions. The plaintiff filed a

response opposing the defendant's summary judgment motion on August 27, 2007.

## FACTS PRESENTED

The plaintiff is an inmate currently housed at the Laurens County Detention Center ("LCDC"). The plaintiff alleges he was falsely accused of lynching when he tried to break up a fight among other inmates.

On February 25, 2007, a fight started in the LCDC between at least three inmates. The plaintiff alleges he pressed the intercom button for help, but the intercom was not working. (Compl. at 3.) He alleges he was trying to stop the fight when officers arrived. (*Id*.) The plaintiff was charged with three counts of 2nd degree lynching and placed in lock-up. (*Id*.) The plaintiff states the lynching charges were dropped almost a month later on March 22, 2007. While in lock-up, the plaintiff alleges he was denied visitation and canteen privileges. (*Id*.)

The plaintiff is seeking damages for pain and suffering and slander because he alleges his name was slandered over the radio and newspapers. (Compl. at 5.) He is also seeking to have the defendant fired. (*Id*.)

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

2

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**DISCUSSION**

Initially, the court notes that the plaintiff has not made any specific factual allegations against the defendant. It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *Monell v. Dept. of Social Svs.*, 436 U.S. 658, 691-92 (1978). Therefore, the defendant should be granted summary judgment.

Notwithstanding this fatal deficiency, the plaintiff's claim also fails for several other reasons. Construing the complaint liberally, the plaintiff alleges a claim of malicious prosecution. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996) (holding allegations that an arrest made pursuant to a warrant not supported by probable cause states Fourth Amendment claim analogous to malicious prosecution). Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 (1979). Given this settled principle, the Fourth Circuit has recognized that "there is no such thing as a § 1983 malicious prosecution claim." *Lambert v. William*, 223 F.3d 257, 262 (4th Cir. 2000). Rather, it is "simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution . . . ." *Id.*

"The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir.1996).

Allegations that law enforcement seized the plaintiff "pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a . . . claim alleging a seizure that was violative of the Fourth Amendment." *Id.* at 183- 84. Here, the plaintiff cannot establish that the defendant lacked probable cause.

Probable cause requires facts and circumstances sufficient to warrant a prudent person to believe that the suspect has committed or is committing a crime. *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998). To determinate whether or not probable cause existed, the court must examine the "totality of the circumstances" known to the officers at the time of arrest. *United States v. Al-Talib*, 55 F.3d 923,931 (4th Cir. 1995). Probable cause is defined as "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). Further, not everyone who is arrested but not convicted has a cause of action for violation of § 1983. The Constitution does not guarantee that only the guilty will be arrested. *Baker v. McCollan*, 443 U.S. 137, 145 (1979). "Probable cause requires more than mere suspicion of wrongdoing, but requires much less evidence than needed to convict." *Walker v. Scott*, 2006 WL 1288315, at *6 (W.D.Va. May 4, 2006). Thus, "[t]he proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether

5

the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988).

The fact that the plaintiff was not convicted of lynching does not mean that the defendant did not have probable cause to charge him with the offense. Furthermore, the question is not whether there was actually probable cause, but whether an objective officer could reasonably have believed probable cause existed. *Gomez v. Atkins*, 296 F.3d 253, 261-262 (4th Cir. 2002). An officer is not liable where, as in this case, he could have reasonably believed there was probable cause for the arrest. The defendant clearly had reasonable suspicion to charge the defendant with lynching based upon articulable facts, namely the victim's statement. (Def.'s Mem. Supp. Mot. for Summ. J. Ex. 2 .) In this statement, the victim states that the plaintiff and others hit him from behind and tackled him. (*Id.*) The victim states that he was held down and beaten. (*Id.*) As there was clearly probable cause for the arrest, the defendant should be granted summary judgment.

To the extent that the plaintiff is asserting a claim that he was falsely charged, (Pl.'s Mem. Opp. Summ. J. Mot. 1-2), the act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights. *See Freeman v. Rideout*, 808 F.2d 949, 952-53 (2d Cir. 1986)(holding that "the mere filing of [a false] charge itself" does not constitute a cognizable claim under § 1983 so long as the inmate "was granted a hearing, and had the opportunity to rebut the unfounded or false charges" ); *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984)(finding that so long as prison officials provide a prisoner with the proper procedural requirements then the

6

prisoner has not suffered a constitutional violation). Here, the plaintiff does not allege he was denied the procedural requirements relating to the lynching charges.

More importantly, to the extent the plaintiff complains of conditions of "lock-up" or administrative segregation, specifically the denial of canteen and visitation, the constitutional scrutiny is minimal. *Hewitt v. Helms*, 459 U.S. 460 (1983). In *Beverati v. Smith*, 120 F.3d 500 (4th Cir.1997), the court held that administrative segregation does not impose atypical and significant hardships upon inmates, when compared to conditions in the general population. Changes "in a prisoners's location, variations of daily routing, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison."  *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). Furthermore, such changes are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *Id*. Accordingly, an inmate's confinement in lockup or administrative segregation, regardless of a disposition ultimately favorable to the inmate on the underlying disciplinary charge, does not constitute an actionable deprivation.

Finally, the plaintiff's claim also fails because his actual injury consists of humiliation and mental anguish and such claims are barred by the clear language of 42 U.S.C.1997e(e), which declares:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or

> emotional injury suffered while in custody without a prior showing of physical injury.

Based on the foregoing, the defendant should be granted summary judgment.

**Qualified Immunity**

Having found that the plaintiff has not raised a viable § 1983 claim, the court need not determine whether any rights the plaintiff has asserted were "clearly established" for purposes of qualified immunity. *See DiMeglio v. Haines*, 45 F.3d 790, 799 (4th Cir.1995) ("In many cases where a defendant has asserted qualified immunity, dismissal or even an award of summary judgment may be obviously warranted, based upon existing law, without the court ever ruling on the qualified immunity question."); *Gordon v. Kidd*, 971 F.2d 1087, 1093 (4th Cir.1992) ("In analyzing the appeal of a denial of summary judgment on qualified immunity grounds, it is necessary first to identify the specific constitutional right allegedly violated, then to inquire whether at the time of the alleged violation it was clearly established.").

**State Law Claims**

To the extent that the plaintiff is attempting to bring a claim of malicious prosecution or false imprisonment under South Carolina common law, such state law claims are not actionable under § 1983. *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000). Thus, the court should decline to exercise supplemental jurisdiction over such state law claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set forth above. *See* 28 U.S.C. § 1367(c).

**CONCLUSION**

Wherefore, based on the foregoing, it is RECOMMENDED that the Defendant's Motion for Summary Judgment (# 16) be GRANTED and the Plaintiff's complaint be DISMISSED with prejudice.

FURTHER, IT IS RECOMMENDED that the Plaintiff's Motion to Appoint Counsel (#13) be DENIED as moot.

IT IS SO RECOMMENDED.

                                            s/Bruce Howe Hendricks
                                            United States Magistrate Judge

January 16, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).